UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KEIA MARIE BURKEY,

                           Plaintiff,

                                                          <u>DECISION AND ORDER</u>

                                                          16-CV-6489

                         v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                           Defendant.
_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On December 30, 2011, plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff alleged an inability to work since February 16, 2006 (later amended to December 1, 2013).[1] (Dkt. #8 at 17). Her application was initially denied. Plaintiff requested a hearing, which was held July 8, 2014, via videoconference before Administrative Law Judge ("ALJ") Lisa B. Martin. Plaintiff thereafter retained counsel, who requested a supplemental hearing. A supplemental hearing was scheduled for August 29, 2014, but was prevented by what the ALJ described as "technical difficulties." (Dkt.

---

[1] The ALJ's decision contains a typographical error, describing the amended onset date as December 1, 2014 – which would postdate the decision itself. (Dkt. #8 at 17). Correspondence from plaintiff's counsel, contained in the record, confirms that the actual amended date is December 1, 2013. (Dkt. #8 at 417).

#8 at 17). In lieu of rescheduling the supplemental hearing, plaintiff's representative agreed to submit interrogatories to the vocational expert who had testified at the initial hearing. The ALJ issued an unfavorable decision on October 2, 2014, concluding that plaintiff was not disabled under the Social Security Act. That decision became the final decision of the Commissioner when the Appeals Council denied review on May 15, 2016 (Dkt. #8 at 1-4). Plaintiff now appeals.

The plaintiff has moved pursuant to Fed. R. Civ. Proc. 12(c) for judgment vacating the ALJ's decision and remanding the matter for further proceedings, and the Commissioner has cross moved for judgment dismissing the complaint. For the reasons set forth below, the plaintiff's motion (Dkt. #10) is denied, the Commissioner's cross motion (Dkt. #12) is granted, and the complaint is dismissed.

## DISCUSSION

Familiarity with the five-step evaluation process for determining Social Security disability claims is presumed. *See* 20 CFR §404.1520.

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (*quoting Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997)). Still, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999). "Where the

Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002).

The same level of deference is not owed to the Commissioner's conclusions of law. *See Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir.1984). This Court must independently determine if the Commissioner's decision applied the correct legal standards in determining that the plaintiff was not disabled. "Failure to apply the correct legal standards is grounds for reversal." *Townley*, 748 F.2d at 112. Therefore, this Court first examines the legal standards applied, and then, if the standards were correctly applied, considers the substantiality of the evidence. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir.1987). *See also Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir.1998).

**DISCUSSION**

Plaintiff was born October 20, 1970, and was 43 years old on the amended alleged onset date. (Dkt. #8 at 25, 71). She has a high school education and completed two years of college. (Dkt. #8 at 71). Her treatment records reflect a history of asthma, chronic lumbar (low back) pain, depression, hypothyroidism, attention deficit hyperactivity disorder ("ADHD"), anxiety and substance abuse (in full remission as of 2010). Plaintiff also claims that she has Parkinson's disease, although the record does not otherwise contain any evidence of such a diagnosis.

The ALJ determined that the plaintiff was capable of performing light work, with the following limitations: requiring a brief opportunity to sit down (for one or two minutes) every hour, no climbing of ladders, ropes or scaffolding, no more than occasional climbing of ramps and stairs, and no more than occasional balancing, stooping, kneeling, crouching and crawling. Plaintiff must also avoid dangerous work hazards such as unprotected or exposed machinery, concentrated pulmonary irritants, and extreme heat, humidity and cold temperatures. Plaintiff is

3

further unable to tolerate distractions or perform detailed decision-making, and is accordingly limited to routine, simple tasks not requiring a fast, assembly quota-type pace. (Dkt. #8 at 22). When presented with this RFC,[2] vocational expert ("VE") Alyssa Smith testified that plaintiff could perform the light, unskilled positions of price marker, collator operator and garment sorter. (Dkt. #8 at 26).

Plaintiff first contends that the ALJ failed to sufficiently explain the weight given to the opinions of three consultative examiners, internist Dr. Harbinder Toor (Dkt. #8 at 540-43, 599-610), psychologist Dr. Yu-Ying Lin (Dkt. #8 at 535-39), and psychologist Dr. Adam Brownfield (Dkt. #8 at 590-98), and that the ALJ erred in giving similar weight to the latter two opinions, even though they were inconsistent with one another in some respects.[3] The fact that the ALJ opted to give "greater" weight to the opinion of Dr. Toor, who examined plaintiff on two occasions with respect to her physical RFC, and implicitly gave less weight to the opinions of Dr. Lin and Dr. Brownfield, is not legal error. The ALJ was entitled to separately weigh each of the available opinions, and to adopt only those portions of the opinions which were consistent with, and/or supported by, the other evidence of record.

Plaintiff further claims that the ALJ failed to adequately explain why he credited some portions of Dr. Toor's and Dr. Lin's opinions, but not others. (For example, the ALJ rejected Dr. Toor's opinion that plaintiff cannot stand for more than 30 minutes at a time or for a total of 4

---

[2] Actually, the ALJ's hypothetical to the vocational expert was even more restrictive than her ultimate RFC finding, in that it incorporated a "sit break" every 30 minutes instead of every hour. (See *infra*).

[3] The record does not appear to contain any RFC assessments from plaintiff's treating physicians – only treatment records. Plaintiff does not contend that the lack of a treating physician's opinion renders the record incomplete in this case, and in any event, it is well settled that the opinions of consulting physicians may constitute substantial evidence, where they are consistent with the medical evidence of record. *See Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983); *Williams v. Colvin*, 2017 U.S. Dist. LEXIS 137116 at *22 (E.D.N.Y. 2017).

4

hours in a day, and Dr. Lin's opinion that plaintiff has "no" ability to make appropriate decisions, relate adequately with others, or handle stress.) Plaintiff alleges that even though the ALJ purported to explain her parsing of those opinions by referencing plaintiff's minimal treatment history, unimpressive MRI, high score on a Global Assessment of Functioning scale (indicating adequate mental health and functioning), and activities of daily living, including working part-time, the ALJ's explanation was factually erroneous.

First, with respect to Dr. Toor's 30-minute restriction, the Court notes that although the ALJ's decision describes an RFC with the need for a "sit-down break" just once every 60 minutes, the hypothetical question the ALJ posed to the VE at the hearing *did* incorporate Dr. Toor's more extensive restriction. The ALJ's hypothetical described an individual who would need to "briefly sit down as often as *every 30 minutes* or change positions as often as *every 30 minutes* for one or two minutes, [in addition to] typical work breaks." (Dkt. #8 at 80) (emphasis added). It was in response to this question that the VE identified the three positions upon which the ALJ's written decision relies in its Step 5 finding. *Id*. at 81-82. Thus, to the extent that the ALJ erred in not incorporating Dr. Toor's "30 minute" postural limitations in her written decision, that error is harmless, since the VE testified that there are positions existing in significant numbers in the national economy that can be performed with that limitation.

With respect to the ALJ's characterization of other evidence of record, I do not find that it was factually erroneous. Plaintiff's treatment regimen was "minimal" in the sense that it consisted of prescription medications to treat plaintiff's back pain, anxiety and ADHD, and did not involve surgery or extensive physical or psychiatric therapy. Plaintiff's course of treatment was also minimal in that it was infrequent: records from plaintiff's primary care provider, Dr. Vladimir Gaspar, indicate that plaintiff did not seek treatment from him at all (other than continuing to take

medications he had previously prescribed) between December 18, 2013 – shortly after her claimed onset date – and June 24, 2014. (Dkt. #8 at 616, 628). Plaintiff's 2013 GAF score of 51-70, while of little probative value, was nonetheless relevant, and the ALJ was entitled to consider it along with other evidence of plaintiff's psychological and mental functioning (which also included Dr. Brownfield's opinion contradicting Dr. Lin's, and opining that plaintiff had mild limitations in relating adequately to others, moderate limitations in dealing with stress, and moderate to marked limitations in making appropriate decisions). (Dkt. #8 at 592-93). *See Trankle v. Berryhill*, 2017 U.S. Dist. LEXIS 199139 at *11 (W.D.N.Y. 2017). Plaintiff's MRI, taken December 22, 2010, showed only mild degenerative disc disease, with some slight disc bulging at two levels. (Dkt. #8 at 491-92). Plaintiff's part-time job in food preparation and activities of daily living, including light cooking and shopping, while not dispositive of her ability to perform full-time work, were appropriate factors for the ALJ to consider in weighing the medical opinions and other evidence of record (20 C.F.R. §404.1527(c)), and do suggest a level of functioning and stamina that is inconsistent with the extent of plaintiff's claimed limitations, as well as with the more extreme limitations opined by Dr. Toor and Dr. Lin.

While the ALJ's explanation for her findings was not a model of clarity, this is not a case where the Court is "unable to fathom the ALJ's rationale," and I find that to the extent that the ALJ did not credit every single aspect of Dr. Toor's or Dr. Lin's opinions, the rejected portions were not supported by the medical evidence of record, and her decision rejecting them did not lack substantial evidence. *Salmini v. Commissioner*, 371 Fed. Appx. 109, 112-13 (2d Cir. 2010) (unpublished decision) (citing *Mongeur*, 722 F.2d at 1040).

The Court also notes that to the extent that the ALJ rejected portions of the examining physicians' opinions which were transparently based on some of plaintiff's self-reported diagnoses

and symptoms, the ALJ's decision to give short shrift to those portions was particularly appropriate. Indeed, several key pieces of information that plaintiff provided to Dr. Lin, Dr. Brownfield and Dr. Toor, and which formed the basis for each of their opinions, were imprecise at best, and demonstrably false at worst. For example, one of Dr. Toor's opinions imposed standing, walking, sitting, bending, and lifting restrictions, expressly calculated to compensate for plaintiff's self-reported diagnosis of "Parkinson's disease" (Dkt. #8 at 543) – even though there is no medical evidence in the record that plaintiff has ever been diagnosed with it or treated for it. Plaintiff's reports to Dr. Toor that she had "crushed disks" in her spine, suffered from bursitis, and was not currently working, her statements to Dr. Lin that she had previously been hospitalized for a suicide attempt and had been in remission for drug use longer than she actually had, and certain statements made by plaintiff to describe her criminal history, are similarly contradicted by the evidence of record.

Overall, I find that the weight given by the ALJ to the medical opinions of record was appropriate, and that the ALJ's decision which declined to credit the portions of those opinions which were inconsistent with and unsupported by the record, is supported by substantial evidence, and is not the product of legal error.

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to vacate the ALJ's decision and remand the matter (Dkt. #10) is denied, and the Commissioner's cross motion for judgment on the pleadings

7

(Dkt. #12) is granted. The ALJ's decision is affirmed in all respects, and the complaint is dismissed.

    IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      January 18, 2018.